788 P.2d 1206

In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JD-500325.

No. 1 CA-JV 89-013.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 10, 1989.

Redesignated as Opinion and Publication Ordered Dec. 19, 1989.

Robert K. Corbin, Atty. Gen. by Robert J. Sorce, Asst. Atty. Gen., Phoenix, for appellees.

**456**

Robert A. Budoff, Phoenix, for appellants.

MEMORANDUM DECISION *

(Not for publication Rule 28, Arizona Rules of Civil Appellate Procedure)

CONTRERAS, Presiding Judge.

Two questions are presented by this appeal from a Juvenile Court order dismissing a dependency petition filed by the child's parents. First, we consider the question of whether the Juvenile Court erred in dismissing the dependency petition based on a finding that the parents were financially capable of providing for their daughter. Second, we consider the question of whether the court erred in relieving the Arizona Department of Economic Security (ADES) of legal and financial responsibility effective on the date the dependency petition was filed, rather than on the date of the minute entry order dismissing the dependency petition. This Court has jurisdiction pursuant to A.R.S. § 8–236. We affirm the order of the Juvenile Court.

On January 13, 1989, appellants admitted their fifteen year old, adopted daughter to Scottsdale Camelback Hospital for psychiatric treatment. Dr. Schulte diagnosed the child as suffering from atypical depression, attention deficit disorder with hyperactivity, polysubstance abuse, and conduct disorder. Appellants filed a dependency petition *ex parte* on January 26, 1989. Based on the allegations set forth in the petition, the child was made a temporary ward of the Juvenile Court and committed to the care, custody and control of ADES. After a March 15, 1989, hearing on the merits, the Juvenile Court entered a minute entry order dismissing the dependency petition, concluding that although the child had special needs that could not be met at home, the parents had assets available to provide care for the child outside the home, and, consequently, she was not a dependent child. In addition, the Juvenile Court relieved ADES of legal and financial responsibility effective on the date appellants' dependency petition was filed.

* Editor's Note: Redesignated as an Opinion.

A "dependent child" is one who is adjudicated to be "[i]n need of proper and effective parental care and control and has no parent or guardian, or one who has no parent or guardian willing to exercise or capable of exercising such care and control." A.R.S. § 8–201(11)(a). The burden of proof in a dependency proceeding is a preponderance of the evidence. Rule 17, Arizona Rules of Procedure for Juvenile Court; *Matter of Appeal in Cochise County Juvenile Action No. 5666–J*, 133 Ariz. 157, 159, 650 P.2d 459, 461 (1982), *reh'g denied*, Sept. 14, 1982. This Court will not interfere with the decision of the Juvenile Court regarding dependency unless it is clearly erroneous. *Matter of the Appeal in Maricopa County Juvenile Action No. JS–4374*, 137 Ariz. 19, 21, 667 P.2d 1345, 1347 (App.1983).

Appellants argue that their adopted daughter is dependent within the meaning of A.R.S. § 8–201(11)(a), and therefore, the Juvenile Court erred in dismissing their dependency petition. They contend that they do not have the assets to pay for their child's treatment and that, even if they did, the parents' financial status is not a determining factor in resolving the question of whether a child is dependent. This argument is without merit. Certainly, a consideration of the parents' financial status is pertinent to a determination of their ability to provide for the needs of their child. Parents are required to provide "necessaries" for their child. *Matter of the Appeal in Cochise County Juvenile Action No. 5666–J*, 133 Ariz. at 160, 650 P.2d at 462. In general, this requires the provision of shelter, clothing and medical care as needed. *Id.* By its nature, the term "necessaries" is a flexible term which may depend on the financial condition of the parents, cultural mores, etc. *Id.; see Branham v. State*, 33 Ariz. 170, 180, 263 P. 1, 4 (1928). Appellants' unduly broad interpretation of A.R.S. § 8–201(11)(a) would result in an adjudication of dependency any time a child with special needs is placed outside

the home, regardless of the parents' financial ability to provide for the child's needs.

Appellants' reliance on A.R.S. § 8–243 is misplaced. This statute allows the Juvenile Court to assess parents, according to their financial status, an amount for the cost of their child's care while the child is committed to the custody of a state agency. However, this does not warrant appellants' conclusion that their financial condition cannot be considered during the period when the Juvenile Court is determining whether the child is dependent. Dependency requires a finding that the parents are unwilling to or incapable of exercising proper and effective parental care and control. In the present case, the parents' willingness to provide proper care is undisputed. At issue is their ability to provide such care and their financial status is a factor to be considered in this determination.

Appellants also argue that ADES was legally and financially responsible for the period of temporary dependency and until the Juvenile Court dismissed the dependency petition on March 21, 1989. Appellants cite no case law or other authority to support this proposition, nor have we been able to find any. When the interest of the child warrants immediate action, the Juvenile Court has the authority to declare a child a temporary ward of the Court pending a hearing. Rule 15(b), Arizona Rules of Procedure for Juvenile Court. However, when parents file an *ex parte* dependency petition which is subsequently dismissed after a hearing on the merits, it is not reasonable to hold ADES responsible for expenses incurred during the interim period. Accordingly, the Juvenile Court did not err in relieving ADES of any legal and financial responsibility effective on the date the dependency petition was filed.

Finding that the record supports the judgment of the Juvenile Court, we affirm.

SHELLEY, J., and HAIRE, J., retired, concur.

Note: The Honorable LEVI RAY HAIRE, a retired judge of the Court of Appeals, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20.